**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **LUIS AND FABIANA SAUCEDO** | § | |
| **Plaintiffs** | § | |
| | § | 2:15-cv-133 |
| **v.** | § | **Civil Action No.** _____ |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | |

---

## INDEX OF MATTERS BEING FILED

---

State Farm Lloyds' Notice of Removal.

> Exhibit A:    Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

> Exhibit B:    A list of counsel of record.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **LUIS AND FABIANA SAUCEDO** | § | |
|     **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **STATE FARM LLOYDS** | § | |
|     **Defendant** | § | |

---

## STATE FARM LLOYDS' NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.    On October 5, 2015, Luis and Fabiana Saucedo ("Plaintiffs") filed their Original Petition ("Original Petition") styled Cause No. 15-10-32088-MCV; *Luis and Fabiana Saucedo v. State Farm Lloyds;* In the 293rd Judicial District Court, Maverick County, Texas.  State Farm was served with citation on November 30, 2015.

### *Nature of the Suit*

2.    This lawsuit involves a dispute over State Farm's handling of Plaintiffs' insurance claims for damages from a storm allegedly sustained by their residential property:  1856 Hilltop Cr., Eagle Pass, Texas 78852.  Plaintiffs claim State Farm breached the insurance contract, the duty of good faith and fair dealing and an alleged fiduciary duty, committed negligence, misrepresentation and fraud by negligent misrepresentation, and violated the Texas Insurance

Code and DTPA.  Plaintiff seeks actual damages, consequential damages, treble damages, statutory penalties, exemplary damages, mental anguish damages, court costs and attorney's fees.

### Basis for Removal

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.  At the time Plaintiffs filed their Original Petition on October 5, 2015, and as of the date of filing this Notice, State Farm was an association of underwriters whose individual underwriters were all residents and citizens of the state of Illinois.[1]  Accordingly, at the time of filing of this suit, and through the filing of this Notice, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5.      Upon information and belief, Plaintiffs were citizens of Texas when they filed their Original Petition, and continue to be citizens of Texas.  (*See* Plaintiffs' Original Petition, ¶ 3.)

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Although the amount in controversy is not specified in Plaintiffs' Original Petition, it is clear that the actual amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[1]  *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *Alcorn v. State Farm Lloyds*, Civil Action No. 3:98-CV-0772-BC, 1998 U.S. Dist. LEXIS 17144, *3-4 (N.D. Tex. Oct. 23, 1998) (recognizing that State Farm Lloyds' underwriters are citizens of Illinois).

7.      In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2]  Here, Plaintiffs claim that a storm caused damages to their property that Plaintiffs insured through State Farm.[3]  Plaintiffs seek unspecified damages for State Farm's refusal to fully compensate them under the terms of their insurance contract, Policy Number 83-P9-0949-8.[4]  Policy Number 83-P9-0949-8 is a Texas Homeowner's Policy with coverage limits of $154,400.00 for the dwelling, $115,800.00 for personal property, and the actual amount of additional living expenses.

8.      Further, Plaintiffs seek actual, consequential, exemplary, and mental anguish damages and statutory penalties for their fraud claims and violations of the duty of good faith and fair dealing, the Texas Insurance Code and DTPA.[5]  Further, Plaintiffs seek treble damages under the Texas Insurance Code and DTPA based on allegations State Farm acted "knowingly."[6]  Plaintiffs also seek attorney fees.[7]  Thus, given the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

9.      Additionally, Plaintiffs sent State Farm a demand letter dated July 6, 2015 explaining Plaintiff's alleged entitlement to $117,530.52 in actual damages, 18% statutory

---

[2]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[3]  Plaintiff's Original Petition, ¶ 5-10.
[4]  Plaintiff's Original Petition, ¶ 26-29.
[5]  *See* Plaintiff's Original Petition, ¶ 30-66.
[6]  *Id.* at ¶ 71.
[7]  *Id.* at ¶ 72.

interest on the amount of Plaintiffs' claim and $15,000.00 in attorney's fees. Plaintiff also alleges State Farm "knowingly and intentionally engaged in unfair settlement practices" which would entitle Plaintiffs to three times Plaintiffs' actual damages under Tex. Ins. Code §541.152(b) – an additional $352,591.56 in this case, as Plaintiffs have alleged they have $132,530.52 in "actual damages." Accordingly, Plaintiff herself believes that at least $485,122.08 is at issue in this suit. Courts consider plaintiffs' demand letters in ascertaining the amount in controversy.[8]

10.     Although Plaintiffs state in her petition that at the time of the filing of her suit, she seeks monetary relief of no more than $74,500.00, including damages, penalties, costs, expenses, pre-judgment interest and attorney's fees, the actual amount in controversy is much higher, as Plaintiffs could easily claim a much higher amount under the Policy,[9] it would not be legally impossible for them to obtain a recovery of at least $75,000 based on the Policy's coverage limits, and Plaintiffs failed to file an affidavit with her petition, stipulating that their damages do not exceed $75,000.00.[10]

11.     The Fifth Circuit in *DeAguilar* made clear that "the plaintiff's pleading will not control if made in bad faith."[11] Plaintiffs are not permitted to manipulate their pleadings to evade federal jurisdiction when they know their claim is worth more.[12] The Fifth Circuit has recognized that a failure to plead a specific amount of damages creates:

> the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade

---

[8] *See, e.g., Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir.2000) (holding demand letter constituted an "other paper" for ascertaining amount in controversy).
[9] *See DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995).
[10] *See id.* (litigants who wish to prevent removal by showing a legal certainty may file a binding stipulation or an affidavit with their petition).
[11] *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995)
[12] *Corley v. Southwestern Bell Telephone Co.*, 924 F. Supp. 782, 787 (E.D. Tex. 1996).

federal jurisdiction by virtue of the pleading.  Such manipulation is surely characterized as bad faith.[13]

12.     As Plaintiffs failed to file an affidavit with her petition, Plaintiffs could at any time amend their petition to seek a greater dollar amount, and State Farm would be precluded from removing the case to federal court if a year had already passed from the date Plaintiffs filed her Original Petition.[14]  Plaintiffs' Original Petition obviously does not constitute a binding stipulation as contemplated by *DeAguilar*.

### The Removal is Procedurally Correct

13.     State Farm was first served with the Original Petition on November 30, 2015. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

14.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

15.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

16.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

17.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Maverick County, Texas, promptly after State Farm files this Notice.

---

[13] *DeAguilar*, 47 F.3d at 1410.
[14] *See* 28 U.S.C. §1446(b), (c)(1).

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the 293rd Judicial District Court of Maverick County, Texas to the United States District Court for the Western District of Texas, Del Rio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

Mark A. Lindow
Attorney in Charge
State Bar No. 12367875
Southern District No. 12777
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mlindow@lstlaw.com

Of Counsel:

Margaret F. Brown
State Bar No. 24092181
Southern District No. 2601884
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Telecopier: (210) 227-4602
mbrown@lstlaw.com

*Counsel for State Farm Lloyds*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, Del Rio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **29th** day of **December 2015**, addressed to those who do not receive notice from the Clerk of the Court.

Bill L. Voss
Scott G. Hunziker
Zach Moseley
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380

_____
Mark A. Lindow
Margaret F. Brown

Exhibit   A

**iDocket.com** — Your gateway to court case information.

Search | **Case History** | Parties | Attorneys | Links | Services | Home | Site Map | Log Out

**All** | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at

**iDocket.com**

View Case Track™ ———— Start Case Track™

 Civil Docket; Case 15-10-32088-MCV 2969; Civil
LUIS AND FABIANA SAUCEDO vs. STATE FARM LLOYDS
Filed 10/05/2015 - Disposition:
 293rd District Court, District Clerk, Maverick County, Texas

Help

| Date | Description/Comments | Reference | Typ | Amount |
|------|---------------------|-----------|-----|--------|
| 10/05/2015 | | | TXT | |
| 10/05/2015 | PLAINTIFF ORIGINAL PETITION | | " | |

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: mldsdt
Viewed as of: **December 29, 2015, time: 11:04:16**



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 14518596**
**Date Processed: 11/30/2015**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Luis Saucedo vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maverick County District Court, Texas |
| **Case/Reference No:** | 15-10-32088-MCV |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/30/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Zach Moseley<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

## CITATION BY MAILING

THE STATE OF TEXAS

TO: STATE FARM LLOYDS / BY SERVING- CORPORATION SERVICE COMPANY / 211 EAST 7TH STREET, STE. 620/ AUSTIN, TX 78701

Defendant, in the hereinafter styled and numbered cause:

### NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of forty-two days after you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear before the 293rd Judicial District of the city of Eagle Pass, Texas, County of Maverick by filing a written answer to the Petition of the Plaintiff at or before 10:00 a.m. of the Monday next after the expiration of twenty days after the date of service hereof, a copy of which accompanies the Citation, in the Cause Number 15-10-32088-MCV, styled LUIS AND FABIANA SAUCEDO VS. STATE FARM LLOYDS filed in said court on October 05,  2015.

Plaintiff is represented by ZACH MOSELY whose address is 26619 INTERSTATE 45 THE WOODLANDS, TX 77380 713-861-0015. ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at this office on this the Seventeenth day of November, 2015.

Filed at 11/17/2015 10:33:04 AM Leopoldo Vielma, District Clerk

Maverick County, Texas    BY _____ DEPUTY

CITATION BY MAILING          1014259

Leopoldo Vielma, Clerk
District Clerk, Maverick County, Texas
500 Quarry St Suite 5
Eagle Pass, TX 78852

By_____
Deputy

## OFFICER'S RETURN BY MAILING

Came to hand on the _____ day of _____, A.D 20____, and executed to the Defendant certified mail, return receipt requested to wit restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

Defendant                                      Address
_____
Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by _____ and dated _____.
*Citation was not served despite the following use of diligence to execute service by the officer or person authorized to execute this citation: _____
_____.

Citation was not executed because _____
Defendant may be found at: _____
To certify which witness my hand officially. _____
_____ County, Texas
By: _____ Deputy
Fee for serving Citation: $_____

Case 2:15-cv-00133-AM-VRG   Document 1   Filed 12/29/15   Page 1 of 8

**Electronically Filed at
01/5/2018 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy**

**15-10-32088-MCV**

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS AND FABIANA SAUCEDO, | § | IN THE DISTRICT COURT |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **vs.** | § | MAVERICK COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | 293RD |
| **Defendant.** | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Luis and Fabiana Saucedo (hereinafter "Plaintiffs"), and complains of State Farm Lloyds (hereinafter "State Farm"). In support of their claims and causes of action, Plaintiffs would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.     Plaintiffs intend for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction to hear Plaintiffs' claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Eagle Pass, in Maverick County, Texas.

### PARTIES

3.     Plaintiffs are individuals whose residence is located in Eagle Pass, Maverick County, Texas.

Case 2:15-cv-00133-AM-VRG   Document 1   Filed 12/29/15   Page 14 of 15

**Electronically Filed at
10/5/2015 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy**

4.     Defendant State Farm is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## BACKGROUND

5.     This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 1856 Hilltop Cr., Eagle Pass, Texas 78852, (the "Property").   In addition to seeking economic and penalty based damages from State Farm, Plaintiffs also seek compensation from State Farm for damages caused by improperly investigating the extensive losses associated with this case.

6.     Plaintiffs own the Property.

7.     Prior to the occurrence in question, Plaintiffs purchased a residential insurance policy from State Farm to cover the Property at issue in this case for a loss due to storm-related events.  Plaintiffs' Property suffered storm-related damage. Through their residential policy, 83-P9-0949-8, Plaintiffs was objectively insured for the subject loss by Defendant.

8.     On or around November 22, 2014, the Property suffered incredible damage due to storm related conditions.

9.     In the aftermath, Plaintiffs relied on State Farm to help begin the rebuilding process.   By and through their residential policy, Plaintiffs were objectively insured for the subject losses in this matter.

10.     Pursuant to their obligation as a policyholder, Plaintiffs made complete payment of all residential insurance premiums in a timely fashion.    Moreover, their residential policy covered Plaintiffs during the time period in question.

Case 2:15-cv-00133-AM-VRG Document 1 Filed 12/29/15 Page 15 of 37

Electronically Filed at
10/5/2015 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

11.     Despite Plaintiffs' efforts, State Farm continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

12.     Moreover, State Farm has failed to make any reasonable attempt to settle Plaintiffs' claims in a fair manner, although its liability to the Plaintiffs under the policy is without dispute.

13.     In the months following, Plaintiffs provided information to State Farm, as well as provided opportunities for State Farm to inspect the Property. However, State Farm failed to conduct a fair investigation into the damage to the Property. Moreover, State Farm failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

14.     Despite State Farm's improprieties, Plaintiffs continued to provide information regarding the losses and the related claim to State Farm. Further, Plaintiffs made inquiries regarding the status of the losses, and payments. Regardless, State Farm failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiffs have not received proper payment for their claim, even though notification was provided.

15.     State Farm has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. State Farm has furthermore failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made. State Farm did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     State Farm has further failed to affirm or deny coverage within a reasonable time. Plaintiffs also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from State Farm in a timely manner.

17.     State Farm has, to date, refused to fully compensate Plaintiffs under the terms of the policy for which Plaintiffs paid, even though it was State Farm that failed to conduct a reasonable investigation.   Ultimately, State Farm performed a result-oriented investigation of Plaintiffs' claims that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

18.     State Farm has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiffs did not receive the coverage for which they had originally contracted with State Farm.   Unfortunately, Plaintiffs have, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, State Farm has failed to place adequate and proper coverage for Plaintiffs causing Plaintiffs to suffer further damages.  As indicated below, Plaintiffs seek relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiffs have been met or has occurred.

Electronically Filed at
05/20/16 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## AGENCY

22.    All acts by State Farm were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of State Farm and/or were completed in its normal and routine course and scope of employment with State Farm.

## CLAIMS AGAINST DEFENDANT

23.    Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.    State Farm had and owed a legal duty to Plaintiffs to properly adjust the structural and property damage and other insurance losses associated with the Property.    State Farm breached this duty in a number of ways, including but not limited to the following:

a.    State Farm was to exercise due care in adjusting and paying policy proceeds regarding Plaintiffs' Property loss;

b.    State Farm had a duty to competently and completely handle and pay all damages associated with Plaintiffs' Property; and/or

c.    State Farm failed to properly complete all adjusting activities associated with Plaintiffs.

25.    State Farm's acts, omissions, and/or breaches did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

### B.
### BREACH OF CONTRACT

26.    Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

Case 2:15-cv-00133-AM-VRG   Document 1   Filed 12/29/15   Page 10 of 15
Electronically Filed at
10/5/2015 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

27.     According to the policy that Plaintiffs purchased, State Farm had the absolute
duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claims made
due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiffs suffered extreme external and
internal damages.

29.     Despite objective evidence of such damages, State Farm has breached its
contractual obligations under the subject insurance policy by failing to pay Plaintiffs benefits
relating to the cost to properly repair Plaintiffs' Property, as well as for related losses. As a result
of this breach, Plaintiffs have suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE
## PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth
under the foregoing paragraphs.

31.     State Farm's collective actions constitute violations of the DTPA, including but
not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas
Business & Commerce Code. State Farm collectively engaged in false, misleading, or deceptive
acts or practices that included, but were not limited to:

> a.     Representing that an agreement confers or involves rights, remedies, or
> obligations which it does not have or involve, or which are prohibited by
> law;
>
> b.     Misrepresenting the authority of a salesman, representative, or agent to
> negotiate the final terms of a consumer transaction;
>
> c.     Failing to disclose information concerning goods or services which were
> known at the time of the transaction, and the failure to disclose such
> information was intended to induce the consumer into a transaction into

which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiffs' claim;

    f.    Failure to properly investigate Plaintiffs' claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist State Farm in low-balling and/or denying Plaintiffs' damage claim.

32.    As described in this Original Petition, State Farm represented to Plaintiffs that their insurance policy and State Farm's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA.

33.    As described in this Original Petition, State Farm represented to Plaintiffs that its insurance policy and State Farm's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.    By representing that State Farm would pay the entire amount needed by Plaintiffs to repair the damages caused by the storm-related event and then not doing so, State Farm has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.    State Farm has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

Case 2:15-cv-00133-AM-VRG   Document 1   Filed 12/29/15   Page 20 of 37

**Electronically Filed at**
**12/5/2015 10:17:04 AM**
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: M Cazares, Deputy**

36.     State Farm's actions, as described herein, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA.

37.     State Farm's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiffs are consumers, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by State Farm to their detriment. As a direct and proximate result of State Farm's collective acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sue. All of the above-described acts, omissions, and failures of State Farm are a producing cause of Plaintiffs' damages that are described in this Original Petition.

39.     Because State Farm's collective actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for State Farm having knowingly committed its conduct. Additionally, Plaintiffs are ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to State Farm having intentionally committed such conduct.

40.     As a result of State Farm's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to

Case 2:15-cv-00133-AM-VRG Document 1 Filed 12/29/15 Page 9 of 16

**Electronically Filed at**
**05/20/16 10:17:04 AM**
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: M Cazares, Deputy**

protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiffs may show themselves to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     State Farm's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).     Specifically, State Farm engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

> a.     Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

> b.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

> c.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

> d.     Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due;

> e.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

Electronically Filed at
6/8/2015 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

      f.      Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.    Plaintiffs are the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of State Farm, and Plaintiffs relied upon these unfair or deceptive acts or practices by State Farm to their detriment. Accordingly, State Farm became the insurer of Plaintiffs.

44.    As a direct and proximate result of State Farm's acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which they now sue.

45.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because State Farm's actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for State Farm having knowingly committed such conduct. Additionally, Plaintiffs are entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for State Farm having intentionally committed such conduct.

46.    As a result of State Farm's unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

Electronically Filed at
05/2018 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, State Farm has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     State Farm has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as State Farm knew or should have known that it was reasonably clear that Plaintiffs' storm-related claims were covered. These acts, omissions, failures, and conduct by State Farm is a proximate cause of Plaintiffs' damages.

F.
## BREACH OF FIDUCIARY DUTY

50.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

51.     State Farm had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiffs. As a result, State Farm owed a duty of good faith and fair dealing to Plaintiffs. State Farm breached that fiduciary in that:

      a.     The transaction was not fair and equitable to Plaintiffs;

      b.     State Farm did not make reasonable use of the confidence that Plaintiffs placed upon it;

    c.      State Farm did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiffs;

    d.      State Farm did not place the interests of Plaintiffs before its own, and State Farm used the advantage of its position to gain a benefit for itself, at Plaintiffs' expense;

    e.      State Farm placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

    f.      State Farm did not fully and fairly disclose all important information to Plaintiffs concerning the sale of the policy.

52.    State Farm is liable for Plaintiffs' damages for breach of fiduciary duty, as such damages were objectively caused by State Farm's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.    Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

54.    Plaintiffs have satisfied all conditions precedent to bringing these causes of action.  By its acts, omissions, failures, and conduct, State Farm has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.    Such violations include, without limitation, all the conduct described in this Original Petition, plus State Farm's failure to properly investigate Plaintiffs' claims.  Plaintiffs also include State Farm's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claims and State Farm's failure to pay for the proper repair of Plaintiffs' Property, as to which State Farm's liability had become reasonably clear.

Case 2:15-cv-00133-AM-VRG   Document 1   Filed 12/29/15   Page 13 of 15

Electronically Filed at
05/25/2015 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

56.     Additional violations include State Farm's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiffs' storm-related damage and related claims.  Plaintiffs further include State Farm's failure to look for coverage and give Plaintiffs the benefit of the doubt, as well as State Farm's misrepresentations of coverage under the subject insurance policy. Specifically, State Farm is also guilty of the following unfair insurance practices:

        a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

        b.     Engaging in unfair claims settlement practices;

        c.     Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

        d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which State Farm's liability had become reasonably clear;

        e.     Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs;

        f.     Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claims; and/or

        g.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.     State Farm has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. State Farm's conduct as described herein has resulted in Plaintiffs' damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

59.     State Farm is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, State Farm did not inform Plaintiffs of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiffs who relied on the misrepresentations to their detriment. As a result, Plaintiffs have suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. State Farm is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiffs would show that State Farm perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiffs, who relied upon such representations that ultimately resulted in their injuries and damages. Alternatively, State Farm fraudulently concealed material facts from Plaintiffs, the result of which caused damage to Plaintiffs as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or

Electronically Filed at
07/5/2018 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

consent of Plaintiffs, Plaintiffs have sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiffs' reliance on State Farm fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiffs have suffered actual damages for which they now sue.

64.     Plaintiffs further allege that because State Farm knew that the misrepresentations made to Plaintiffs were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of State Farm, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiffs will show that they have incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiffs requests that penalty damages be awarded against State Farm in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     State Farm has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

**Electronically Filed at**
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: M Cazares, Deputy**

## DAMAGES

69.    State Farm's acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court.

70.    More specifically, Plaintiffs seek monetary relief of no more than $74,500, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

71.    State Farm's conduct was committed knowingly and intentionally.  Accordingly, State Farm is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiffs are, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.    In addition, Plaintiffs are entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.    Plaintiffs demand a jury trial and tenders the appropriate fee with this Original Petition.

Electronically Filed at
12/29/2015 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that State Farm

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l),

and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production.

a.      Please identify any person State Farm expects to call to testify at the time of
trial.

b.      Please identify the persons involved in the investigation and handling of
Plaintiff's claims for insurance benefits arising from damage relating to the underlying
event, claims or the Property, which is the subject of this suit, and include a brief
description of the involvement of each person identified, their employer, and the date(s)
of such involvement.

c.      If State Farm or State Farm's representatives performed any investigative steps
in addition to what is reflected in the claims file, please generally describe those
investigative steps conducted by State Farm or any of State Farm's representatives with
respect to the facts surrounding the circumstances of the subject loss. Identify the
persons involved in each step.

d.      Please identify by date, author, and result the estimates, appraisals, engineering,
mold and other reports generated as a result of State Farm's investigation.

e.      Please state the following concerning notice of claims and timing of payment:

i.      The date and manner in which State Farm received notice of the
claim;
ii.     The date and manner in which State Farm acknowledged
receipt of the claim;
iii.    The date and manner in which State Farm commenced
investigation of the claim;

Case 2:15-cv-00133-AM-VRG   Document 1   Filed 12/29/15   Page 30 of 37

Electronically Filed at
6/6/2015 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

        iv.     The date and manner in which State Farm requested from the claimant all items, statements, and forms that State Farm reasonably believed, at the time, would be required from the claimant; and

        v.     The date and manner in which State Farm notified the claimant in writing of the acceptance or rejection of the claim.

f.     Please identify by date, amount and reason, the insurance proceed payments made by State Farm, or on State Farm's behalf, to the Plaintiff.

g.     Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.     When was the date State Farm anticipated litigation?

i.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm's document retention policy.

j.     Does State Farm contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

k.     Does State Farm contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.     Does State Farm contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

m.     How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

        i.     what performance measures are used; and
        ii.     describe State Farm's bonus or incentive plan for adjusters.

Electronically Filed at
6/8/2015 10:17:04 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## CONCLUSION

77.    Plaintiffs pray that judgment be entered against State Farm Lloyds, and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of State Farm Lloyds, and for all such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

/s/ Zach Moseley
Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Zach Moseley
State Bar No. 24092863
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
zach@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

US POSTAGE PAID
ZIP 78852
02.10
0001597157 NOV 25 2015

CERTIFIED MAIL

7015 1730 0001 7252 9882

LEOPOLDO VIELMA
DISTRICT CLERK
500 QUARRY ST. SUITE 5
EAGLE PASS, TX 78852

State Farm Lloyds
by serving: Corp. Service Company
211 East 7th St., Ste 620
Austin, TX  78701

**Electronically Filed at**
**12/18/2015 12:48:38 PM**
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: Cristy Flores, Deputy**

## CAUSE NO. 15-10-32088-MCV

| | | |
|---|---|---|
| **LUIS AND FABIANA SAUCEDO,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **MAVERICK COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | **293RD JUDICIAL DISTRICT** |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

NOW COMES Defendant State Farm Lloyds and files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Pursuant to Texas Rules of Civil Procedure, Plaintiffs are requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l). Plaintiffs shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

### III.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Electronically Filed at
12/18/2015 12:48:38 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Cristy Flores, Deputy

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By:    _____

Mark A. Lindow
State Bar No. 12367875
Margaret F. Brown
State Bar No. 24092181
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
mlindow@lstlaw.com
mbrown@lstlaw.com

*Counsel for Defendant State Farm Lloyds*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant State Farm Lloyds' Original Answer and Request for Disclosure was served by facsimile and/or electronic service on the *18* day of **December, 2015**, upon the following counsel of record:

Bill L. Voss
Scott G. Hunziker
Zach Moseley
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380

_____
Margaret F. Brown

Exhibit  B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| LUIS AND FABIANA SAUCEDO | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| STATE FARM LLOYDS | § | |
|     Defendant | § | |

## LIST OF ALL COUNSEL OF RECORD

Party

Attorney(s)

Luis and Fabiana Saucedo

Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Zach Moseley
State Bar No. 2492863
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
zach@vosslawfirm.com

State Farm Lloyds

Mark A. Lindow
State Bar No. 12367875
Southern District No. 12777
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mlindow@lstlaw.com

Of Counsel:

Margaret F. Brown
State Bar No. 24092181
Southern District No. 2601884
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mbrown@lstlaw.com